■ HERBERT M. CITRIN, Appellant, v PAUL CONTI, Respondent, et al., Defendants. [735 NYS2d 541] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about December 8, 2000, which, in an action for damages and to compel defendants to provide plaintiff a satisfaction piece for a prior judgment, insofar as appealed from, granted defendant Paul Conti's motion for summary judgment pursuant to CPLR 3212 and for sanctions pursuant to 22 NYCRR part 130, dismissed the complaint as to defendant Conti and imposed $1,000 in sanctions on plaintiff, and which denied plaintiff's motion to compel discovery, unanimously modified, on the law and the facts, without costs, to the extent of denying defendant's motion, vacating the imposition of sanctions, directing counsel for each party to simultaneously exchange satisfactions of judgment within 30 days of the date of entry of this order, and otherwise affirmed.

The IAS court erred in dismissing plaintiff's breach of contract claim. The plain meaning of the stipulation of settlement is clear and unambiguous. It provided that plaintiff's judgment would first be reduced to the same amount as defendant's judgment by the tender of the bank check. Then, once defendant's judgment was affirmed on appeal, it would be used to satisfy the rest of plaintiff's judgment. Defendant's interpretation of the stipulation, to wit, that he had no obligation to pay by this method, but rather the option to do so, renders the document meaningless. Indeed, defendant's position is belied by his own evidence, which demonstrates that the parties intended to wipe each judgment out if defendant first gave a satisfaction piece for his judgment to plaintiff. Concur—Wallach, J.P., Lerner, Rubin, Buckley and Friedman, JJ.